977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theresa KOPEK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-2366.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 In this case involving a claim for social security disability benefits, the Secretary of Health and Human Services (the "Secretary") denied the claim of Theresa Kopek initially and upon reconsideration. Kopek then filed suit in federal district court challenging the Secretary's determination. The district court adopted the Report and Recommendation of the Magistrate-Judge and granted summary judgment to the Secretary. Kopek appeals, and we reverse and remand.
 
 
 2
 It is undisputed in this matter that Theresa Kopek suffers from multiple sclerosis ("MS"). Nevertheless, the Administrative Law Judge determined that Kopek could perform her past relevant work and, as a result, that she is not disabled for purposes of entitlement to social security disability benefits. The only question before this court is whether the Secretary's decision that Kopek could perform her past relevant work is supported by substantial evidence.
 
 I. Factual and Procedural Background
 A. Factual Background
 
 3
 At the time of the January 1989 hearing before Administrative Law Judge Stephen F. Osinski ("ALJ"), Kopek was 44 years old. (J.A. at 64). She had a high school education and no formal education or specialized job training beyond high school. (J.A. at 67). Kopek had worked as a bookkeeper for various employers for the past 15 years (J.A. at 67-70), and had changed jobs to obtain salary increases. (J.A. at 85). In October 1987, Kopek awakened one morning numb from the waist down. During the next four weeks, she experienced "progressive loss of motor strength, abnormal gait, [and] trouble walking and keeping her balance." (J.A. at 158). On November 14, 1987, an X-ray examination revealed "mild to moderate degenerative changes" of Kopek's spine. The physician recommended further tests. (J.A. at 155). Because of Kopek's "continuing neurological deterioration," she was admitted to the hospital on November 20, 1987, for assessment of a suspected spinal cord tumor. (J.A. at 158-160). On November 24, 1987, Kopek was discharged from the hospital with a diagnosis of "multiple sclerosis suspect." (J.A. at 158). On December 7, 1987, the multiple sclerosis diagnosis was confirmed. (J.A. at 163-164). After Kopek was hospitalized in November 1987, her work hours were shortened to a maximum of 20 hours per week because of her symptoms. (J.A. at 81-82). She stopped working in February 1988 because of her headaches, dizziness, blurred vision, and numbness in her arms and hands which made it difficult for her to hold a pencil or write. (J.A. at 112).
 
 B. Administrative Proceedings
 
 4
 On March 15, 1988, Theresa Kopek filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-406, alleging that she became disabled on February 26, 1988. (J.A. at 90-93). The application was denied initially and on reconsideration. (J.A. at 94-95, 98-99, 100-102). At the hearing on January 31, 1989, before the ALJ (J.A. at 61-89), Kopek testified and was represented by counsel. The ALJ also heard the testimony of a vocational expert, Michael Rosko. (J.A. at 85-89). In his decision issued April 7, 1989, the ALJ found that although Kopek suffered from multiple sclerosis, she was not disabled under the Act. (J.A. at 34-40). In part due to his discrediting Kopek's testimony and in part due to his personal observations of Kopek at the hearing, the ALJ found that Kopek could return to her past relevant work of bookkeeping. (J.A. at 39). On May 11, 1989, Kopek requested that the Appeals Council review the hearing decision. (J.A. 27-32). On December 18, 1989, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings to complete the record concerning Kopek's psychological condition. The ALJ was directed to issue a new decision following a consultative mental status examination and medical assessment of the claimant. (J.A. at 25-26). In his second decision, issued June 14, 1990, ALJ Osinski again concluded, based on the earlier evidence and testimony, that Kopek's testimony was "unworthy of belief." (J.A. at 13). The ALJ found that the additional evidence concerning Kopek's mental status did not warrant any change in his prior decision. (J.A. at 12). The Appeals Council denied Kopek's request for review of the second decision on March 28, 1991. (J.A. at 5-9).
 
 C. District Court Proceedings
 
 5
 Kopek filed her action in district court on April 29, 1991, pursuant to 42 U.S.C. § 405(g). (Brief of Appellant at 15).[1] On August 30, 1991, the Magistrate Judge issued a Report and Recommendation recommending that the court deny Kopek's motion for summary judgment and grant the Secretary's motion for summary judgment affirming the Secretary's decision. Kopek's situation was summarized by the Magistrate-Judge in the following manner.
 
 
 6
 Plaintiff does have a serious impairment and is deserving of sympathy, especially when the probable development of the disease process is considered. However, she is not disabled within the meaning of the Social Security Act (at least as of June 14, 1990), unless her own testimony is fully credited. The ALJ had a legitimate basis for discrediting that testimony.
 
 
 7
 (Magistrate-Judge's Report and Recommendation, at 14 (parenthetical omitted); see Brief of Appellant at 42). Kopek filed objections to the Report on September 11, 1991. (Brief of Appellant at 44-47). On September 30, 1991, Chief District Judge Julian A. Cook, Jr., accepted the Magistrate's Report and Recommendation and affirmed the Secretary's decision to deny benefits. (Brief of Appellant at 48-50). Kopek timely appealed the decision to this Court. (Brief of Appellant at 51, 64).
 
 II. Discussion
 
 8
 The Secretary's regulations prescribe a five-step procedure to determine whether or not a claimant is disabled. 20 C.F.R. § 404.1520 (1991); see Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2291 (1987). Under that procedure, the ALJ concluded that Kopek was not working, that she has a severe impairment, but that her impairment does not meet or equal a listed impairment from the regulations. (J.A. at 14, 39). Finally, as noted above, the ALJ's basis for denying recovery was his conclusion that Kopek could perform her past relevant work. Having arrived at that conclusion, the ALJ never reached the question under step 5 of the regulatory scheme, whether Kopek could perform other work.
 
 
 9
 The Secretary's findings must be affirmed if supported by "substantial evidence." 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir.1990); McCormick v. Sec'y of Health & Human Services, 861 F.2d 998, 1001 (6th Cir.1988). "Substantial evidence" means "less than a preponderance" of the evidence and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Abbott, 905 F.2d at 922-23 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Brainard v. Sec'y of Health & Human Services, 889 F.2d 679, 681 (6th Cir.1989). The Court cannot reweigh the evidence or substitute our judgment for the ALJ's, even if substantial evidence supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). Finally, it is the claimant's burden to prove that she cannot perform her past relevant work. Yuckert, 482 U.S. at 146 n. 5, 107 S.Ct. 2294 n. 5.
 
 
 10
 There is no question that Kopek suffers from multiple sclerosis ("MS"), (J.A. at 14, 39), or that MS is a progressive disease for which there is no cure. See Parish v. Califano, 642 F.2d 188, 193 (6th Cir.1981); Wilcox v. Sullivan, 917 F.2d 272, 277 (6th Cir.1990). In this Circuit, however, a person afflicted with MS is not per se disabled under the social security regulations. E.g., Biltoft v. Bowen, 875 F.2d 861 (6th Cir.1989) (Table; text in Westlaw); Headrick v. Sec'y of Health & Human Services, 862 F.2d 316 (6th Cir.1989) (Table; text in Westlaw). Thus, the dispute in this case is whether there was substantial evidence to support the conclusion that Kopek was able to perform her past relevant work as of February, 1988, when she claims she became disabled.
 
 
 11
 Although an ALJ's observations at a hearing may be used along with other evidence to support a determination regarding disability, see Tyra v. Secretary of Health & Human Services, 896 F.2d 1024, 1030 (6th Cir.1990), the ALJ is not entitled to base his findings solely on such observations to make the determination. See, e.g., DeGrande v. Sec'y of Health & Human Services, 892 F.2d 1043 (6th Cir.1990) (Table; text in Westlaw); Weaver v. Sec'y of Health & Human Services, 722 F.2d 310 (6th Cir.1983). In other words, there must be enough medical evidence, in conjunction with the ALJ's observations, to constitute substantial evidence in support of his conclusion.
 
 
 12
 At the hearing before the ALJ, Kopek offered her own testimony and reports from her treating physician to establish that her inability to sit or stand for prolonged periods and the numbness in her legs and hands prevented her from performing her past work as a bookkeeper. (J.A. at 66-84 (Kopek); at 181 (Dr. Jay Kaner)). Significantly, however, there is no medical testimony which indicates specifically that Kopek can perform this past work. For that reason, we hold that there is not substantial evidence to support the ALJ's conclusion that Kopek could perform her past relevant work.
 
 III. Conclusion
 
 13
 The district court's decision granting summary judgment to the Secretary is REVERSED, and this case is REMANDED to the district court with instructions to remand it to the Administrative Law Judge for further proceedings on Kopek's claim for benefits.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 A number of documents are appended to Kopek's brief on appeal. Since they are referenced in this opinion, but Kopek's brief is not paginated consecutively throughout, this opinion will refer to pages as if the consecutive numbering had continued throughout Kopek's brief, including the appendix